UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

SEBASTIEN MEILLER,

    Plaintiff,

v.

COMCAST CABLE
COMMUNICATIONS
MANAGEMENT, LLC,

    Defendant.
_____/

CASE NO.:

JURY TRIAL DEMANDED

# VERIFIED COMPLAINT

Sebastien Meiller ("Meiller"), by and through his undersigned counsel, hereby files this verified complaint against Comcast Cable Communications Management, LLC, ("Defendant"), and in support states as follows:

## NATURE OF ACTION

1. This is an action for violation of rights under the Family Medical Leave Act ("FMLA") and for disability discrimination and retaliation asserted by Meiller against Defendant under the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes ("FCRA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction because this action involves a claim for damages and reasonable attorneys' fees and costs under a federal statute, FMLA.

3. Venue is proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to Meiller's claims occurred in the Southern District of Florida.

4. This Court has supplemental jurisdiction over Meiller's FCRA claim under 28 U.S.C. § 1367(a) as these claims are so related to claims in this action within such original

jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## PARTIES

5. Meiller, at all relevant times, was a resident of Broward County, Florida.

6. At all material times herein, Meiller was an "employee" of Defendant as defined by the FMLA.

7. Defendant is a foreign limited liability company.

8. Defendant's principal place of business is at One Comcast Center, Philadelphia, PA 19103, but operates a facility at 15800 SW 25th Street, Miramar, Florida 33027.

9. Meiller worked at the Miramar facility.

10. At all times material hereto, Defendant was a covered employer under the FMLA, as it employed fifty (50) or more employees in, or within seventy-five (75) miles of, the location where Meiller worked.

11. At all times material hereto, Meiller was employed by Defendant and met all eligibility requirements for protected leave under the FMLA, including having worked for at least twelve (12) months and not less than one thousand two hundred fifty (1,250) hours during the twelve-month period preceding his leave request.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

12. Meiller timely filed his charge on July 31, 2020, with the United States Equal Employment Opportunity Commission (the "EEOC") and with the Florida Commission on Human Relations (the "FCHR") relating to FCRA failure to accommodate and retaliation.

13. The FCHR made no determination as to the merits of Meiller's allegations within the one-hundred eighty (180) day period following the filing of his charge of discrimination, nor has it provided Meiller any documentation regarding his rights as it relates to filing suit.

14. Meiller has satisfied any and all administrative requirements precedent to the filing of this action under the FCRA and is permitted to proceed to court pursuant to section 760.11, Florida Statutes.

## FACTUAL BACKGROUND

15. Meiller was employed by Defendant as an inbound sales representative (BSR).

16. Meiller has several medical conditions covered by the FCRA.

17. Defendant was made aware of these conditions and the fact that Meiller experiences occasional flare-ups relating to his conditions.

18. On October 7, 2019, Meiller requested accommodations from Defendant.

19. This request was sent to Defendant's representative Tiersha Harell.

20. Specifically, he requested a job search accommodation request, which had been granted to other BSRs.

21. On that same date, Defendant directed Meiller to its agent, Sedgwick, to address the accommodations.

22. Meiller spoke with Krista Carlock at Sedgwick, who was formally an employee of Defendant.

23. Sedgwick also handles claims for FMLA leave on behalf of Defendant.

24. During Meiller's conversation with Carlock, she told him, "You have used 0 FMLA hours."

25. On October 31st, 2019 4:20 Carlock informed Meiller that she received all his accommodation request documentation and it would be reviewed within two business days.

26. A memorandum generated at this time provides, "The Job Accommodation Specialist will be contacting you within two business days of receiving your medical documentation as part of an interactive dialogue with you to determine whether leave or another reasonable accommodation can be provided to you."

27. Throughout Meiller's employment with Defendant, he was clearly and/or visibly ill on several occasions, which is supported by documentation provided to Comcast by two of his treating physicians.

On November 13, 2019, two weeks past the deadline indicated in the memorandum, Carlock called Meiller to inform him that "Sedgwick spoke with [Defendant], specifically Tiersha [Harell], and another member from HR that day for two hours."

28. Meiller was then instructed by Carlock to sign an additional Medical Release form with no reason given, which was signed by him.

29. Carlock told Meiller that Harell also told her on the call that, "[Meiller] already work[s] from home two days a week," and that Defendant wanted "further clarification," from his medical providers.

30. Working from home was earned due to Meiller's outstanding sales performance.

31. On November 18, 2019, a memorandum was sent to one of Meiller's treating physicians by a physician selected by Defendant, Dr. Matthew Liss.

32. The memorandum regarded Meiller's accommodation request and was styled "Reasonable Accommodation."

33. Despite requests by Meiller, Defendant refused to provide Dr. Liss's phone number, his medical certifications, or his role and responsibilities.

34. The sole information Defendant and Sedgwick provided was that he was a physician employed by Defendant.

35. Dr. Liss believed accommodations "such as noise cancelling headphones, relocation to a different part of the office, and a sit/stand work station" were reasonable.

36. Thus, the request to work in outside sales environment was denied.

37. Because of the time it took to finally receive an answer from Defendant regarding his request for an accommodation, Meiller was forced to apply for leave pursuant to the FMLA, which was denied because Meiller allegedly did not have any FMLA time available.

38. Following the submission from both his immunologist and generic doctor, a letter dated from Sedgwick on December 12, 2019, was generated by Sedgwick which states: "On December 11, 2018, Sedgwick was notified of your request for leave. According to our records your FMLA leave was certified by your provider through December 10, 2019. Your case is now closed. Our records indicate that you have used approximately 0.00 hours of FMLA during the current eligibility period."

39. As a result, on December 19, 2019, Meiller called to reinstate and exercise his FMLA rights.

40. Defendant immediately retaliated against him by refusing three separate FMLA requests.

41. At this time, despite requests, Defendant would not provide an explanation regarding how he exhausted his FMLA time.

42. Meiller questioned the inaccuracies of Defendant's FMLA records and avoidance of responsibilities under FMLA.

43. He also shared Sedgwick's claims calendar on December 19, 2019, indicating Meiller had 5.4 weeks remaining of leave time.

44. The response from Defendant was that the December 12th memorandum simply contained a "typo."

45. In light of the foregoing, it is apparent that Defendant created an entirely untenable situation in which no reasonable person would continue an employment relationship.

46. Therefore, as of May 26, 2020, Meiller was constructively discharged from his employment with Defendant.

### COUNT I: FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2601, *et seq*.
### (INTERFERENCE WITH RIGHTS)

38. Meiller hereby incorporates by reference paragraphs 1 through 3, 5 through 11, 15, 23, 24, 27, 28, and 37 through 46 of the complaint as if fully set forth herein.

39. Meiller met all of the eligibility requirements to qualify for up to twelve (12) weeks of unpaid, job-protected, leave per year for qualifying reasons.

40. Meiller was entitled to FMLA leave.

41. Meiller exercised his rights under the FMLA by requesting leave for a serious health condition.

42. His requests were repeatedly denied without justification.

43. Defendant did not act in good faith, nor did it have any reasonable grounds for believing that its actions were in compliance with the FMLA.

44. As a result of Defendant's interference with Meiller's rights, he suffered lost compensation, including the loss of wages and benefits.

45. Meiller has and will continue to incur attorneys' fees and costs in this action, and is entitled to recovery of his attorneys' fees and costs pursuant to the FMLA. 29 C.F.R. § 825.400(c).

**DEMAND FOR RELIEF**

WHEREFORE, Meiller demands judgment against Defendant for:

  a. Lost wages and benefits;

  b. Liquidated damages;

  c. Injunctive relief;

  d. Attorneys' fees and costs of this action pursuant to 29 C.F.R. § 825.400(c);

  e. Prejudgment interest; and

  f. Any other relief as this Court deems just and proper.

**COUNT II: FLORIDA CIVIL RIGHTS ACT OF 1992,
CHAPTER 760, FLORIDA STATUTES
(FAILURE TO ACCOMMODATE)**

46. Meiller hereby incorporates the allegations set forth in paragraphs 1 through 5, 7 through 9, 12 through 22, 25, 26, 27, 29 through 35, 45 and 46 of the complaint as if fully set forth herein.

47. Meiller is a qualified individual with a disability and/or handicap under the FCRA.

48. At all times material hereto, Meiller was qualified to perform the essential functions of his position with or without reasonable accommodations.

49. Defendant failed to provide reasonable accommodations for Meiller' disability when presented medical documentation and proof of an existing condition qualified under the FCRA.

50. Meiller's reasonable accommodations were all denied.

51. As a direct, proximate, and foreseeable result of Defendant's discriminatory actions, Meiller has suffered past and future pecuniary losses, emotional pain, suffering, embarrassment, humiliation, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress and other non-pecuniary losses and intangible injuries.

52. The actions of Defendant make reinstatement ineffective as a make whole remedy, entitling Meiller to front pay in lieu of reinstatement.

53. Meiller has retained counsel to represent him in this matter and has incurred, and will continue to incur, attorney's fees and costs.

### DEMAND FOR RELIEF

WHEREFORE, Meiller demands judgment against Defendant for:

    a. Back pay;

    b. Front pay;

    c. Compensatory damages;

    d. Attorneys' fees and costs of this action pursuant to 42 U.S.C. § 12205; and

    e. Such other relief as this Court deems just and proper.

### COUNT III: FLORIDA CIVIL RIGHTS ACT OF 1992, CHAPTER 760, FLORIDA STATUTES (RETALIATION)

54. Meiller hereby incorporates the allegations set forth in paragraphs 1 through 5, 7 through 9, 12 through 22, 25, 26, 27, 29 through 35, 45 and 46 of the complaint as if fully set forth herein.

55. Defendant violated the FCRA by retaliating against Meiller for requesting accommodations, which is an unlawful employment practice.

56. Defendant took adverse employment actions against Meiller through the actions described above.

57. The adverse employment actions suffered by Meiller were causally related to, and in retaliation for, Meiller having engaged in the protected activities of seeking accommodations, notifying them, and objecting in good faith to, unlawful disability discrimination as prohibited by the FCRA.

58. As a direct, proximate, and foreseeable result of Defendant's retaliatory actions, Meiller has suffered past and future pecuniary losses, emotional pain, suffering, embarrassment, humiliation, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress and other non-pecuniary losses and intangible injuries.

59. The actions of Defendant make reinstatement ineffective as a make whole remedy, entitling Meiller to front pay in lieu of reinstatement.

60. Meiller has retained counsel to represent him in this matter and has incurred, and will continue to incur, attorney's fees and costs.

## **DEMAND FOR RELIEF**

WHEREFORE, Meiller demands judgment against Defendant for:

    a.    Back pay;

    b.    Front pay;

    c.    Compensatory damages;

    d.    Attorneys' fees and costs of this action pursuant to 42 U.S.C. § 12205; and

    e.    Such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Meiller hereby demands a trial by jury on all issues and counts triable of right before a jury.

Date:   December 18, 2021.

Respectfully submitted,

s/ Christopher A. Pace
Jill S. Schwartz, Esquire
Florida Bar No.  523021
Christopher A. Pace, Esquire
Florida Bar No. 676721
JILL S. SCHWARTZ & ASSOCIATES, P.A.
655 W. Morse Blvd., Suite 212
Winter Park, Florida 32789
Telephone: (407) 647-8911
Facsimile: (407) 628-4994
E-mail: jschwartz@schwartzlawfirm.net
E-mail: cpace@schwartzlawfirm.net

Attorneys for Plaintiff

## VERIFICATION

Personally appeared before the undersigned, Sebastien Meiller, who being first duly sworn, deposes and says that the allegations of this Verified Complaint and Demand for Jury Trial, consisting of paragraphs 1 through 60, inclusive of Demands for Relief, are true and correct to the best of his knowledge, information and belief.

_____
Sebastien Meiller

STATE OF FLORIDA          )
COUNTY OF  Orange        )

The foregoing instrument was acknowledged before me this __18__ day of __December__, 2021, by Sebastien Meiller, who is personally known to me or who has produced ~~_____~~ Driver's License as identification, and who did take an oath.

_____
Notary Public
My Commission Expires: __11/19/24__

DESBOURNE FRITH
MY COMMISSION # HH65624
EXPIRES: November 19, 2024

1